# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN S. GONDOR | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROBERT BENNETT, UDPD, RYAN BENNER, UDPD, MICHAEL MURPHY, UDPD, MICHAEL CHITWOOD, UDPD, UNKNOWN SUPERVISOR OF RYAN BENNER – UDPD, UNKNOWN SUPERVISOR OF ROBERT BENNET - UDPD and UNKNOWN SUPERVISOR OF MICHAEL MURPHY - UDPD | : | NO. 19-5428 |

## MEMORANDUM

**Savage, J.**                                                       **January 16, 2020**

John Gondor, an inmate at the George W. Hill Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 or false arrest, malicious prosecution and false imprisonment. Gondor moves to proceed *in forma pauperis*.

Because it appears that he is not capable of paying the fees to commence this civil action, Gondor will be granted leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss his Complaint without prejudice as to certain defendants, and grant him leave to amend his complaint.

## FACTUAL ALLEGATIONS

Gondor names as defendants Robert Bennet, Ryan Benner, Michael Murphy, Michael Chitwood, Ryan Benner's unknown supervisor, Robert Bennet's unknown supervisor, and Michael Murphy's unknown supervisor, all of whom are members of the Upper Darby Police Department. On July 12, 2018, Upper Darby Township police "were

responding to a domestic situation" that appears to have involved Gondor's family.[1] Gondor alleges that when he attempted to break up the altercation, unidentified police officers "began to pursue [him]."[2]

Officer Bennet allegedly called Gondor a "pussy" and swung a "close[d] fist punch at" him, causing Gondor to drop his phone.[3] Officer Bennet then "attempted to stomp [his] phone" and called him and his family "savages."[4] Gondor claims that Officer Murphy also threw "a closed fist punch at" him.[5] He avers that Officer Benner then "came as a transport and falsely arrested and pressed charges against" him. After arriving at the police station, Benner continued to "verbally assault" him and called his mother a "lying – bitch."[6] Gondor states that he attempted to file a complaint with the officers' supervisors and wrote two letters to Superintendent Chitwood.[7] He claims Chitwood ignored his requests for a meeting.[8]

Gondor states that he sustained no physical injuries, but the events were "emotionally traumatic".[9] He seeks damages in the amount of $10 million to compensate him for "monies lost by [him] due to incarceration, psychological trauma, and all that

---

[1] Compl. at 3 (Doc. No. 2).

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] *Id.* at 3.

caused [him] [loss] due to these incidents."[10]  He wants the defendant police officers removed from the force and for the Upper Darby Police Department to change its hiring process.[11]

A review of publicly available dockets reflects that Gondor was arrested on July 12, 2018 and charged with obstructing law enforcement, resisting arrest, disorderly conduct (unreasonable noise), public drunkenness, and terroristic threats.  *See Commonwealth v. Gondor*, CP-23-CR-0006274-2018 (C.P. Delaware Cty.).  Following a jury trial, Gondor was convicted of terroristic threats and resisting arrest.  He was acquitted of obstructing law enforcement.  The other charges were withdrawn.  *Id.*  Gondor was sentenced to a year of imprisonment on the conviction for terroristic threats.  *Id.*  His appeal to the Pennsylvania Superior Court is pending.  *See Commonwealth v. Gondor*, 2153 EDA 2019 (Pa. Super. Ct.).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements do not suffice."  *Id.*  Because

---

[10] *Id.* at 5.

[11] *Id.* at 6.

Gondor is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Construing Gondor's Complaint liberally, we understand him to be raising Fourth Amendment claims for false arrest, false imprisonment, malicious prosecution, and use of excessive force. For the following reasons, we find that Gondor has not alleged a plausible claim for relief.

### *Claims Against Chitwood and Supervisors*

We construe Gondor's claims against Chitwood and the unknown supervisors as being based upon their alleged failure to respond to his complaints in what he believed was an appropriate manner. He does not allege that they had any personal involvement in the use of excessive force, his arrest, imprisonment or prosecution.

There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766

F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Gondor has not made any factual allegations against Chitwood or the unknown supervisors suggesting that they were personally involved. His claims against these defendants appear to be based entirely on their failure to investigate the incident after the fact. That conduct does not plausibly support a constitutional violation.

A failure to investigate does not make out a section 1983 claim. *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (quotations omitted); *see also Boseski v. N. Arlington Municipality*, 621 F. App'x 131, 135 (3d Cir. 2015) (per curiam) ("Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation.").

### *Claims Against Officers Bennet, Benner, and Murphy*

To state a claim for false arrest and related false imprisonment under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause. *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

"[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Id.* at 483. A plaintiff asserting a malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).

Here, Gondor's false arrest, false imprisonment, and malicious prosecution claims fail because he has not alleged facts that would plausibly support a legal conclusion that probable cause was lacking for his arrest and subsequent prosecution and imprisonment. Gondor says only that Benner "falsely arrested" him.[12] Gondor does not allege any facts or circumstances supporting this legal conclusion. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (per curiam) (explaining that to the extent plaintiff was asserting claims for false arrest and imprisonment, "[plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested").

It is apparent from the docket in Gondor's underlying criminal case that the proceeding did not terminate in his favor, which is fatal to his malicious prosecution

---

[12] *Id.* at 3.

claim.[13] *See Kossler v. Crisanti*, 564 F.3d 181, 188 (3d Cir. 2009) (en banc) ("[U]pon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged.").

Gondor has also failed to state an excessive force claim. "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest,

---

[13] Additionally, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). *Heck* does not categorically bar Fourth Amendment claims for false arrest and false imprisonment, but such claims may be barred if success on those claims would necessarily imply the invalidity of an intact conviction. *See, e.g.*, *Olick v. Pennsylvania*, 739 F. App'x 722, 726 (3d Cir. 2018) (per curiam) (explaining that *Heck* "does not automatically bar" claims for false arrest and false imprisonment but "there are circumstances in which *Heck* may bar such claims"); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("[C]laims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence."). As Gondor's Complaint is vague, it is not clear whether his false arrest and false imprisonment claims are cognizable. However, if he is claiming malicious prosecution in connection with charges for which he was convicted and sentenced, those claims are not cognizable at this time because his conviction has not been invalidated and success on his claims would necessarily imply the invalidity of that conviction.

investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard[.]" *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) ("In an excessive force case, we determine whether a constitutional violation has occurred using the Fourth Amendment's objective reasonableness test.") (citing *Graham*, 490 U.S. at 395). "Courts determine whether the force used is 'objectively reasonable' based on the totality of the circumstances, . . . and certain factors, including: 'the facts and circumstances of each particular case, . . . the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Klein v. Madison*, 374 F. Supp. 3d 389, 407 (E.D. Pa. 2019) (quoting *Graham*, 490 U.S. at 386)).

Gondor does not allege that any defendant used force, let alone excessive force, during his arrest. He states only that Bennet and Murphy each "attempted to [swing or throw] a closed fist punch at" him.[14] He does not allege he was struck. He claims only that his phone fell to the ground. None of his allegations suggest that there was any force used against him.[15] Thus, we conclude that the Complaint fails to state a claim for use of excessive force.

---

[14] (Compl. ECF No. 2 at 3.)

[15] Notably, Gondor alleges that he did not suffer any physical injury and seeks to recover only for what he describes as emotional trauma. *Id.* at 3 (Doc. No. 2). However, the Prison Litigation Reform Act requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury." *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (citing 42 U.S.C. § 1997e(e)). Because Gondor states that he sustained no physical injuries, his claim for compensatory damages fails.

As to Gondor's complaints about the alleged insults by the defendants, those allegations cannot support a claim under § 1983. *See Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) (per curiam) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *Wright v. O'Hara*, Civ. A. No. 00-1557, 2004 WL 1793018, at *7 (E.D. Pa. Aug. 11, 2004) ("Where plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit."); *Murray v. Woodburn*, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation.").

## CONCLUSION

For the foregoing reasons, we shall grant Gondor leave to proceed *in forma pauperis*, dismiss his claims against Chitwood and the unknown supervisors with prejudice, and dismiss his remaining claims without prejudice. In the event Gondor can cure the defects in his claims, we shall grant him leave to file an amended complaint as to those claims.

/s/ TIMOTHY J. SAVAGE J.